UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
PAUL TCHERNITSKY, *pro se*,

                        Plaintiff,

       -against-

GERALD M. PIGOTT, *esq.*, and
LAW OFFICES OF GERALD M. PIGOTT, P.C.,

                        Defendants.
----------------------------------------------------------------x

**MEMORANDUM & ORDER**
16-CV-0418 (DLI) (LB)

**DORA L. IRIZARRY, Chief United States District Judge:**

Plaintiff Paul Tchernitsky ("Plaintiff"), proceeding *pro se*,[1] filed a complaint against defendants Gerald M. Piggot, *Esq.* and the Law Office of Gerald M. Pigott, P.C. (collectively, "Defendants"), alleging, *inter alia*, that Defendants violated the Fair Debt Collection Practices Act ("FDCPA") when they served on Plaintiff a commercial holdover notice of petition for the purposes of initiating a landlord-tenant proceeding. *See generally*, Complaint ("Compl.") at 3-7, Dkt. Entry No. 1. Plaintiff also alleges causes of action for common law fraud and breach of fiduciary trust. *Id.* at 7-13. Defendants' answer alleged counterclaims of negligent misrepresentation and costs for filing a bad faith action under Federal Rule of Civil Procedure 54(d)(1). Answer and Counterclaims, Dkt. Entry No. 6.

On April 16, 2018, Defendants filed their motion for summary judgment. *See generally*, Mot. for Summ. J., Dkt. Entry No. 40. Plaintiff opposed Defendants' motion. *See generally*, Pl.'s

---

[1] In reviewing Petitioner's pleadings, the Court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the Court interprets the Complaint "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006).

Mem. of Law in Opp'n ("Pl.'s Opp'n"), Dkt. Entry No. 40-2. Defendants replied. Defs.' Reply Mem. of Law ("Def.'s Reply."), Dkt. Entry No. 40-4.

For the reasons set forth below, Defendants' motion for summary judgment is granted as to Plaintiff's FDCPA claim, and the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims. Defendants' counterclaims are dismissed as they are deemed abandoned for failure to prosecute on summary judgment.

## **BACKGROUND**

This case arises out of a notice and accompanying petition Defendants sent to Plaintiff regarding a commercial holdover action in the Civil Court of the City of New York, Kings County ("the Petition"). Def.'s Mot., Ex. B, at 17-25.[2] Plaintiff is a commercial tenant and signatory to the commercial lease at issue for a premises in Brooklyn. Def.'s Rule 56.1 Statement, ECF No. 40-1, at ¶ 2. Defendants represented the landlord, 156 Nassau Ave. Housing Development Fund Corporation ("HDFC"), in that civil court action,[3] seeking possession of the premises. *Id.* ¶ 4.

Plaintiff alleges that Defendants violated the FDCPA when they sent Plaintiff the Petition. Plaintiff also seeks to regain possession of the commercial space he occupied during the term of the lease under a claim for common law fraud and breach of fiduciary trust. Defendants state that the Petition was sent in the course of a commercial landlord-tenant holdover proceeding and, therefore, is not a violation of the FDCPA. Defendants also contend that the common law fraud and breach of fiduciary trust claims are without merit. Defendants have not prosecuted or briefed their counterclaims in their motion and accompanying papers.

---

[2] This pagination refers to the numbers generated electronically at the top of the page by ECF for ease of reference.
[3] *156 Nassau Avenue, HDFC v. Tchernitsky*, Kings Civil L&T 94818-15.

## DISCUSSION

I.  **Legal Standard**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In ruling on a summary judgment motion, the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal quotations omitted). A fact is "material" within the meaning of Rule 56 when its resolution "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. To determine whether an issue is genuine, "[t]he inferences to be drawn from the underlying affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the party opposing the motion." *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d Cir. 1995) (citations omitted). "[T]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. "Summary judgment is appropriate only '[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Donnelly v. Greenburgh Cent. Sch. Dist. No. 7*, 691 F.3d 134, 141 (2d Cir. 2012) (quoting *Matsushita*, 475 U.S. at 587).

II. **Analysis**

    A.    **FDCPA Claim**

The FDCPA "'protect[s] consumers from deceptive or harassing actions taken by debt collectors.'" *Carlin*, 852 F.3d at 214 (emphasis omitted) (quoting *Kropelnicki v. Siegel*, 290 F.3d

118, 127 (2d Cir. 2002)). Courts determine whether a collection letter complies with the FDCPA by using an objective test based on the perspective of the "least sophisticated consumer." *Jacobson v. Healthcare Fin. Services, Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (citations and internal quotation marks omitted). However, while the least sophisticated consumer may be less astute than the average consumer, courts should not "conflate lack of sophistication with unreasonableness." *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). A court should not entertain claims based on "bizarre or idiosyncratic interpretations of collections notices." *Jacobson*, 516 F.3d at 90 (citations and internal quotation marks omitted).

Here, the communication at issue is a petition concerning a commercial holdover action in local civil court, to which Plaintiff is a party, with accompanying documents for service of Plaintiff. "The FDCPA does not offer a definition of 'initial communication.'" *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 212 (2d Cir. 2017). However, Congress amended the FDCPA in 2006 to clarify that '[a] communication in the form of a formal pleading in a civil action shall not be treated as an initial communication.'" *Carlin*, 852 F.3d at 213 (quoting 15 U.S.C. § 1692g(d)).

Defendants' communication to Plaintiff in the form of a petition and accompanying notice in a landlord-tenant proceeding is akin to a formal pleading in a civil action. Thus, Defendants' issuance of the Petition is not an FDCPA violation. Accordingly, Plaintiff's FDCPA claim is dismissed.

### B. Remaining Claims

Plaintiff's remaining claims for common law fraud and breach of fiduciary trust arise under state law. A district court's exercise of supplemental jurisdiction is governed by 28 U.S.C. § 1367(a), which provides that "district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form

part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

"[A] district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting 28 U.S.C. § 1367(c)(3)). A district court's discretion is guided by "balanc[ing] the traditional 'values of judicial economy, convenience, fairness, and comity.'" *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Kolari*, 455 F.3d at 122 (quoting *Cohill*, 484 U.S. at 350 n.7) (elipsis in original).

Considering the foregoing factors, there is no justifiable reason for the Court to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, which are dismissed without prejudice.

Defendants' counterclaims for negligent misrepresentation and costs for filing a bad faith action are also dismissed. They are deemed abandoned as Defendants failed to prosecute them in their summary judgment motion. *See*, *Romeo & Juliette Laser Hair Removal, Inc. v. Assara I LLC*, 2014 WL 4723299, at *7 (S.D.N.Y. Sept. 23, 2014) ("A plaintiff abandons a claim where [s]he raises it in the complaint but remains silent on the issue elsewhere in the record."). The Court deems Defendants' silence as a concession that Defendants are abandoning their claims. *See Stinnett v. Delta Air Lines, Inc.*, 278 F. Supp.3d 599, 617 (E.D.N.Y. 2017).

## **CONCLUSION**

For the foregoing reasons, Defendant's motion for summary judgment is granted in part as to Plaintiff's FDCPA claim, and denied in part as the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining common law fraud and breach of fiduciary trust claims. Defendants' counterclaims are dismissed as they are deemed abandoned for failure to prosecute on summary judgment.

SO ORDERED.

Dated: Brooklyn, New York
     March 31, 2019

/s/
DORA L. IRIZARRY
Chief Judge